-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LLEWELLYN GEORGE, 02-A-0092,

    Plaintiff,

  -v-

M. MCGINNIS, P. CHAPPIUS, M. SHEAHAN,
CASLE, MANOS, J. ALVES, B. WOJNAREK,
DONALD SELSKY and KORBEIN,

    Defendants.

05-CV-0084Sr

MEMORANDUM and ORDER

---

## INTRODUCTION

Plaintiff, Llewellyn George, an inmate of the Southport Correctional Facility, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and has both requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket No. 3). Plaintiff has also filed a motion for the appointment of counsel (Docket No. 5), which is denied without prejudice because there is insufficient information before the Court at this time to make the necessary assessment of plaintiff's claims under the standards promulgated by *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), and *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986), as issue has yet to be joined.

Plaintiff claims that defendants Superintendent McGinnis, Deputy Superintendent for Security Chappius, Captain Sheahan, and Area Supervisors, Sergeants Casle and Manos, violated his rights when as a result of being found with a bottle of feces in his cell he was subjected to restriction orders which denied him showers, exercise, cell cleaning supplies, toilet paper, soap, toothbrush and toothpaste for 60 days, and that his rights to due process

at the Superintendent's Hearing were denied when Kerbien, the Hearing Officer, refused to adjourn the hearing so that plaintiff's social worker, who had agreed to testify, could conduct a confidentiality hearing before testifying, and that defendant Selsky, Deputy Commissioner for Special Housing, affirmed the six month Special Housing Unit ("SHU") disciplinary disposition. Plaintiff also claims that after the discipline was imposed defendants J. Alves, Southport's Medical Director, and Wojnarek, a Nurse Administrator, ignored plaintiff's serious medical and psychological needs. For the reasons discussed below, plaintiff's request to proceed as a poor person is granted, the claims against defendants Alves and Wojnarek are dismissed with prejudice, pursuant to 28 U.S.C. § § 1915(e)(2)(B)(ii) and 1915A(b), and service by the U.S. Marshals is ordered with respect to the remaining claims.

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, plaintiff is granted permission to proceed *in forma pauperis*. Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this complaint. In evaluating the complaint, the Court must accept as true all factual allegations and must draw all inferences in plaintiff's favor. See *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); and see *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was

2

attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." Whalen v. County of Fulton, 126 F.3d 400, 405 (2d. Cir. 1997) (citing Eagleston v. Guido, 41 F.3d 865, 875-76 (2d Cir.1994)).  Based on its evaluation of the complaint, the Court finds that plaintiff's claims against Alves and Wojnarek must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b).

**Plaintiff's Allegations**

1. Conditions of Confinement Claim

As briefly set forth above, plaintiff alleges that defendants McGinnis, the Superintendent at Southport, Chappius, the Deputy Superintendent for Security at Southport, Captain Sheahan, Acting Deputy Superintendent for Security at Southport, and Area Supervisors, Sergeants Casle and Manos, violated his rights under the Eighth Amendment's cruel and unusual punishment clause when they ordered, implemented or refused to lift, modify or alter the deprivation orders lodged against plaintiff after a bottle of feces was found in his cell.  He alleges that on numerous occasions he put these defendants on notice of the smell, filth and other inhumane conditions that he was subjected to as a result of the deprivation orders but that they took no action to alter the orders.

In relation to deprivation orders and whether or not they comport with the Eighth Amendment's deliberate indifference standard, see Trammell v. Keane, 338 F.2d 155, 162 (2d Cir. 2003) (deliberate indifference standard "is the proper measure of the prison official's scienter" in cases involving deprivation orders and allegations of unsanitary

3

conditions) (citations omitted), the issue to be considered is "whether the [o]rder was reasonably calculated to restore prison discipline and security and, in that purposive context, whether the officials were deliberately indifferent to [the inmate's] health and safety." *Id.* Pursuant to this standard, which would require this Court to go beyond the pleadings, and based on the allegations set forth in the complaint, the Court cannot say at this screening stage of the litigation, 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, see *McEachin v. McGuiniss*, 357 F.3d 197, 200 (2d Cir. 2004), that it appears beyond doubt that plaintiff can prove no set of facts in support of his claim. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1955). Accordingly, the Eighth Amendment conditions of confinement claim against McGinnis, Chappius, Sheahan, Casle and Manos can proceed at this time.

### 2. Inadequate Medical Care Claim

Plaintiff alleges that defendants Dr. Alves, Southport's Medical Director, and Wojnarek, Nurse Administrator at Southport, denied him adequate medical care when between November 9, 2004 and January 20, 2005--the period of time plaintiff was subjected to the deprivation orders--they made "no sincere effort" to address his "most serious medical needs." (Docket No. 1, Complaint, Second Claim, p. 5 of Form Complaint). Plaintiff also attaches grievances and other documents to the complaint which sets forth the nature of his claims. These documents indicate that plaintiff was complaining about being denied a blood test, that his hamstring injury was not being properly treated and that he wished to receive further testing and treatment for his medical condition. The grievance documents indicate that plaintiff was receiving eucerin

cream for his hamstring, that he was on the "callout" list for a blood test and that any additional concerns could be addressed during the facility's sickcall.

Simply stated, plaintiff's claims against Alves and Wojnarkek must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) because the allegations are wholly insufficient to support a claim that these defendants were deliberately indifferent to a serious medical need. A claim of inadequate medical care rises to the level of a constitutional violation only where the facts alleged show that defendant was deliberately indifferent to a plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-05(1976). *See also Ross v. Kelly*, 784 F.Supp. 35, 43-44 (W.D.N.Y.), *aff'd*, 970 F.2d 896 (2d Cir.), *cert. denied*, 506 U.S. 1040 (1992). "A serious medical condition exists where 'the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.'" *Harrison v. Barkley*, 219 F.3d 132, 136-137 (2d Cir. 2000) (quoting *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (internal quotation marks omitted)). The Second Circuit pointed out that

> "[medical] conditions ... vary in severity and ... a decision to leave a condition untreated will be constitutional or not depending on the facts of the particular case. Thus, a prisoner with a hang-nail has no constitutional right to treatment, but if prison officials deliberately ignore an infected gash, "the failure to provide appropriate treatment might well violate the Eighth Amendment."

*Id.* (quoting *Chance*, 143 F.3d at 702).

Nothing in plaintiff's allegations indicate the defendants chose to ignore a medical problem that could lead to plaintiff's further injury or the infliction of pain. All that is alleged is that he was not satisfied with the treatment being received and that he wanted a blood test in order to determine if he had a medical condition. A difference of opinion

between a physician and a patient does not give rise to a constitutional right or sustain a claim under § 1983. *Hyde v. McGinnis*, 429 F.2d 864, 867 (2d Cir. 1970) (*quoting Coppinger v. Townsend*, 398 F.2d 392, 394 (10th Cir. 1968)); *accord Ross*, 784 F. Supp. at 43-44. The Court finds that the circumstances surrounding plaintiff's medical situation do not suggest any degree of deliberateness and therefore plaintiff has failed to allege a constitutional violation. Plaintiff's medical claims against defendants Alves and Wojnarek are hereby dismissed.

## CONCLUSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to the filing fee, his request to proceed *in forma pauperis* is hereby granted. For the reasons discussed above, plaintiff's inadequate medical care claims against Defendant Alves and Wojnarek are dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A, and the U.S. Marshal is directed to serve the summons and complaint on defendants McGinnis, Chappius, Sheahn, Casle and Manos regarding the Eighth Amendment conditions of confinement claim, and on defendants Kerbein and Selsky regarding the due process claim.[1]

---

[1] It is well settled that an official may refuse to call witnesses as long as the refusal is justifiable. *See Wolff v. McDonnell,*, 418 U.S. 539, 566-67 (1974). Thus,"a prisoner's request for a witness can be denied on the basis of irrelevance or lack of necessity." *Kingsley v. Bureau of Prisons*, 937 F.2d 26, 30 (2d Cir. 1991); *see Feliciano v. Selsky*, 205 F.3d 568, 570 (2d Cir. 2000) (a prison hearing officer has the discretion to keep disciplinary hearings within reasonable limits, and included in this discretion is the power to refuse to call witnesses whose testimony may be reasonably regarded as duplicative or non-probative) (referencing its unpublished prior summary order in the same case, which cited *Russell v. Selsky*, 35 F.3d 55, 58-59 (2d Cir. 1994); *Scott v. Kelly*, 962 F.2d 145, 146 (2d Cir. 1992) (an inmate may be denied a witness if the witness' testimony is redundant; reviewing court must defer to hearing officer absent abuse of discretion)).

The complaint alleges that plaintiff was denied his request to call a witness on his behalf when Kerbein refused to adjourn the hearing to enable the witness to ensure she would not be violating plaintiff's privacy rights if she testified. Under the liberal standard of pleading for *pro se* cases and the Second Circuit Court of Appeals' view of *sua sponte* dismissals under § 1915A, *see, e.g., McEachin v. McGuiniss*, 357 F.3d

## ORDER

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in forma pauperis* is granted;

FURTHER, that plaintiff's inadequate medical care claims against defendants Alves and Wojnarek are dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A;

FURTHER, that the Clerk of the Court is directed to terminate defendants J. Alves and B. Wojnarek as parties to this action;

FURTHER, that the Clerk of the Court is directed to file plaintiff's papers, and to cause the United States Marshal to serve copies of the Summons, Complaint, and this Order upon defendants M. McGinnis, P. Chappius, M. Sheahan, Casle, Manos, Kerbein and Donald Selsky without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor;

FURTHER, that pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to respond to the complaint.

SO ORDERED.

DATED:   Buffalo, New York
         June 14, 2005

_____
JOHN T. ELFVIN
UNITED STATES DISTRICT JUDGE

---

197, 200 (2d Cir. 2004) ("We have frequently reiterated that [s]ua *sponte* dismissals of *pro se* prisoner petitions which contain non-frivolous claims without requiring service upon respondents or granting leave to amend is disfavored by this Court. ") (internal quotations and citations omitted), this Court finds that the due process claim against Kerbein and Selsky can proceed at this screening stage of the litigation.